## SISK v. STEVES SASH & DOOR CO.
### No. 3302.

Court of Civil Appeals of Texas. El Paso.
Jan. 16, 1936.

Rehearing Denied Jan. 30, 1936.

E. P. Lipscomb, of San Antonio, for appellant.

Meritt H. Steger and Church & Graves, all of San Antonio, for appellee.

HIGGINS, Justice.

This is a suit by Sisk against appellee to recover a balance of $472 upon the purchase price of ten beer cooling and dispensing machines known as beer servitors.

In bar of the action defendant pleaded that it purchased the servitors relying upon various representations made by Sisk and his agents concerning the same; that such representations were false; that the servitors were worthless and of no value for the purpose for which they were sold; that it had on hand eight of the servitors; that it had offered to return so many of them as would cancel the balance of the purchase price, which tender was renewed in the answer.

The jury found in defendant's favor upon the issues tendered by the answer, whereupon judgment was rendered denying recovery.

Appellant submits five propositions as grounds of reversal.

One of them complains of a finding made by the court in certain findings which the court filed supplementing the jury's findings. The finding complained of is immaterial and, if incorrect, affords no ground for reversal.

Another proposition is to the effect that because defendant expected to make a profit out of the servitors the plaintiff was entitled to recover the unpaid balance sued for. This is without merit and calls for no discussion.

Other propositions complain of the findings that the servitors were worthless as beer servitors and that defendant did not rely upon his own judgment in buying the same. The evidence abundantly supports these findings. The fact that defendant's agent, before buying, inspected the same kind of a servitor in operation does not preclude defendant from urging the defense set up. The defects in the servitors were not such as could be discovered by the casual inspection made by defendant's agents who knew nothing about beer servitors.

The question of sale by sample is not in this case.

Affirmed.